1  DICKINSON WRIGHT PLLC
   Brooks T. Westergard
2  Nevada Bar No. 14300
   Email: BWestergard@dickinsonwright.com
3  100 West Liberty Street, Suite 940
4  Reno, Nevada 89501-1991
   Tel: 775-343-7500
5  Fax: 844-670-6009

6
   SIMMS SHOWERS LLP
7  J. Stephen Simms (*pro hac vice*)
   Email: jssimms@simmsshowers.com
8  Gary C. Murphy (*pro hac vice*)
   Email: gcmurphy@simmsshowers.com
9  201 International Circle, Suite 230
10 Baltimore, Maryland 21030
   Telephone: 410-783-5795
11
   *Attorneys for Plaintiff Lauritzen Bulkers A/S*
12

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Lauritzen Bulkers A/S,<br><br>    Plaintiff,<br><br>v.<br><br>Twin Pines Minerals, LLC,<br><br>    Defendant,<br><br>and<br><br>U S Mine Corp,<br><br>    Garnishee. | Civil Action No.: 3:25-cv-00280-MMD-CLB<br><br>**ORDER GRANTING JOINT STIPULATION, REQUEST FOR STAY PENDING OUTCOME OF LONDON ARBITRATION**<br><br>IN ADMIRALTY, Rule 9(h) |

WHEREAS Plaintiff Lauritzen Bulkers A/S ("Lauritzen") filed its Verified Complaint (Dkt. 1) and Motion and Supporting Memorandum for Order Authorizing Issue of Process of Marine Attachment and Writ of Garnishment (Dkt. 3) on June 4, 2025. Lauritzen's complaint

generally seeks security for its ongoing London arbitration against Defendant Twin Pines Minerals, LLC ("TPM").

WHEREAS on June 5, 2025, this Court Ordered Clerk of the Court (Dkt. 10) to issue pursuant to Supplemental Rule B, the requested writs of maritime attachment and garnishment requested by Lauritzen.

WHEREAS on June 5, 2025, the Clerk issue a writ (Dkt. 11) to Garnishee U S Mine Corp ("US Mine").

WHEREAS on August 11, 2025, US Mine filed an answer to Lauritzen's Verified Complaint. Dkt. 20. US Mine admitted in its answer that it entered an "Asset Purchase Agreement with Defendant 'related to TPM's Ione, California operations and plant.'"

WHEREAS on September 5, 2025, US Mine provided supplemental responses to Lauritzen's Request for Interrogatories served pursuant to Supplemental Rule B. **Exhibit 1 hereto.**

WHEREAS in US Mine's September 5, 2025, Supplemental Response to Lauritzen's Interrogatory Number 11, (Exhibit 1) US Mine admits that it entered into an Asset Purchase Agreement ("APA") with TPM on December 31, 2024. US Mine also admits that it did not make the May 3, 2024 installment payment to TPM provided for under the APA.

WHEREAS Lauritzen and US Mine dispute whether the May 3, 2024 installment payment to TPM provided for under the APA is attached and/or subject to attachment. Specifically, Lauritzen contends that the May 3, 2024 installment payment to TPM provided for under the APA is property of TPM and is attached pursuant to the writ (Dkt. 11). US Mine contends that TPM is in breach of the APA, and that US Mine's obligation to make the May 3, 2024 installment payment never arose and/or was excused. As such, US Mine does not owe

TPM the May 3, 2024, installment payment under the APA, and there is no account payable from US Mine to TPM to attach.

WHEREAS, there are a few items that US Mine purchased pursuant to the APA that TPM misrepresented would be provided without debt. TPM failed to transfer title to these items to US Mine. Subsequently, US Mine learned there is debt outstanding on these items and US Mine is paying the third-party debt to prevent repossession. These payments are part of US Mine's damages from TPM's conduct and do not reflect any account payable from US Mine to TPM.

IT IS HEREBY STIPULATED AND AGREED, by Lauritzen and US Mine, through their undersigned counsel, and subject to the approval of the Court, that:

1. US Mine will hold the May 3, 2024 installment payment provided for in the APA in its hands subject to the further order of this Court.

2. This matter will be stayed pending final resolution of the London arbitration proceedings between Lauritzen and TPM, defined as the tribunal issuing a Final Award, which fully disposes of all claims, counterclaims, and issues submitted to arbitration, or settlement between Lauritzen and TPM.

3. Lauritzen will provide a status report on the London arbitration every 180 days beginning on February 27, 2026 to the Court and counsel for US Mine.

4. Lauritzen will notify this Court and counsel for US Mine within (30) days of Final Resolution of the London arbitration or if Lauritzen and TPM enter into a settlement agreement.

5. Upon lifting of the stay, Lauritzen and US Mine will seek court intervention concerning the dispute between Lauritzen and US Mine related to that May 3, 2024 installment payment to TPM provided for under the APA, if necessary.

6. By entering this stipulation, Lauritzen and US Mine do not waive any defenses, rights, claims, or otherwise, and expressly reserve all rights.

Dated: October 7, 2025

| GUNERSON LAW FIRM | DICKINSON WRIGHT PLLC |
|---|---|
| */s/ Courtney G. Sweet* | */s/ Brooks T. Westergard* |
| Courtney G. Sweet, Esq. | Brooks T. Westergard |
| Nevada State Bar No. 10775 | Nevada Bar No. 14300 |
| 3895 Warren Way | Email: BWestergard@dickinsonwright.com |
| Reno, Nevada 89509 | 100 West Liberty Street, Suite 940 |
| Telephone: 775.829.1222 | Reno, Nevada 89501-1991 |
| csweet@gundersonlaw.com | Tel: 775-343-7500 |
|  | Fax: 844-670-6009 |
| SCHILLING LAW GROUP |  |
| Charity Gilbreth, Esq. (*pro hac vice*) |  |
| Linda Schilling, Esq. (*pro have vice*) | SIMMS SHOWERS LLP |
|  | */s/ J. Stephen Simms* |
| 1100 Newport Center Drive | J. Stephen Simms (*pro hac vice*) |
| Suite 250 | Gary C. Murphy (*pro hac vice*) |
| Newport Beach, California 92660 | 201 International Circle, Suite 230 |
| Telephone: 949.760.6120 | Baltimore, Maryland 21030 |
| Charity.gilbreth@schillinglawgroup.com | Telephone: 410-783-5795 |
| Linda.schilling@schillinglawgroup.com | jssimms@simmsshowers.com |
|  | gcmurphy@simmsshowers.com |
| *Attorneys for U S Mine Corp* | *Attorneys for Plaintiff Lauritzen Bulkers A/S* |

1  IT SO ORDERED this 8th day of October, 2025.

_____
United States District Judge

# CERTIFICATE OF SERVICE

I certify that I am an employee of Dickinson Wright PLLC and on October 7, 2025, I caused a true and correct copy of the foregoing **JOINT STIPULATION, REQUEST FOR STAY PENDING OUTCOME OF LONDON ARBITRATION, AND [PROPOSED] ORDER** to be served by electronic mail through the Court's CM/ECF filing system upon counsel of record, addressed as follows:

GUNDERSON LAW FIRM
Courtney G. Sweet, Esq.
3895 Warren Way
Reno, NV  89509
Telephone: 775.829.1222
csweet@gundersonlaw.com

SCHILLING LAW GROUP
Charity Gilbreth, Esq.
Linda Schilling, Esq.
1100 Newport Center Drive Suite 250
Newport Beach, CA  92660
Telephone: 949.760.6120
charity.gilbreth@schillinglawgroup.com
linda.schilling@schillinglawgroup.com

*Attorneys for U S Mine Corp*

                                                                                           */s/ Kaitlin Snyder*
                                                                                       An Employee of Dickinson Wright PLLC

# EXHIBIT 1

US Mine provided supplemental responses to
Lauritzen's Request for Interrogatories on September 5, 2025

EXHIBIT 1

| | |
|---|---|
| 1 | GUNDERSON LAW FIRM |
| 2 | Courtney G. Sweet, Esq.<br>Nevada State Bar No. 10775 |
| 3 | 3895 Warren Way<br>Reno, Nevada 89509 |
| 4 | Telephone: 775.829.1222 |
| 5 | csweet@gundersonlaw.com |
| 6 | SCHILLING LAW GROUP |
| 7 | Charity Gilbreth, Esq. (*pro hac vice*)<br>Linda Schilling, Esq. (*pro hac vice*) |
| 8 | 1100 Newport Center Drive Suite 250<br>Newport Beach, California 92660 |
| 9 | Telephone: 949.760.6120 |
| 10 | charity.gilbreth@schillinglawgroup.com<br>linda.schilling@schillinglawgroup.com |

11  *Attorneys for U S Mine Corp*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LAURITZEN BULKERS A/S, | Case No.: 3:25-cv-00280-MMD-CLB |
| Plaintiff, | |
| v. | **U S MINE CORP'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES TO GARNISHEE U S MINE CORP** |
| TWIN PINES MINERALS, LLC, | |
| Defendant, | |
| and | IN ADMIRALTY, Rule 9(h) |
| U S MINE CORP, | |
| Garnishee. | |

PROPOUNDING PARTY:   Plaintiff Lauritzen Bulkers A/S

RESPONDING PARTY:    Garnishee U S Mine Corp

SET NO.:             One (1)

Garnishee U S MINE CORP ("US Mine" or "Responding Party"), by and through its counsel

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-1-

of record Courtney G. Sweet, Esq., of Gunderson Law Firm and Charity Gilbreth, Esq. and Linda Schilling, Esq. of Schilling Law Group, and pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, responds to Plaintiff Lauritzen Bulkers A/S ("Lauritzen" or "Plaintiff") Interrogatories to Garnishee U S Mine Corp as follows:

**INTERROGATORY NO. 1:**

Identify any relationship that US Mine has, or has had, with Defendant, Twin Pines Minerals, LLC, 2100 Southbridge Pkwy 540, Birmingham, AL 35209, FEIN 46-3514529 ("TPM").

**RESPONSE TO INTERROGATORY NO. 1:**

Objection. Responding Party objects to the Interrogatory as the meaning of the term "relationship" is vague and ambiguous.

Responding Party objects to the Interrogatory as overbroad in time and scope and therefore not relevant to the Writ of Maritime Attachment and Garnishment ("Writ") or any claims in Plaintiff's Complaint, nor proportional to the needs of the case. The Interrogatory requests information that is not limited to property in the District of Nevada, nor limited to the timeframe relevant to property that may be captured by the Writ, and therefore is beyond the scope of the Writ.

Without waiving those objections, US Mine responds as follow: US Mine ("Garnishee" or "US Mine" or "Responding Party") is not related to Twin Pines Minerals, LLC ("Defendant" or "TPM").

**INTERROGATORY NO. 2:**

Identify all accounts, amounts or anything of value payable to, or held on behalf of TPM.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. Responding Party objects to the Interrogatory as overbroad in time and scope because the Interrogatory is not limited to property in the District of Nevada, nor limited to the timeframe relevant to the Writ or any claims in the Complaint, and therefore beyond the scope of the Writ and not proportional to the needs of the case.

Without waiving that objection, US Mine responds as follows: None.

**INTERROGATORY NO. 3:**

Identify any agreements, including but not limited to contracts, between you, your affiliates

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-2-

and /or subsidiaries or agents, and TPM and/or any of its subsidiaries between January 1, 2022 and the present.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. Responding Party objects to the Interrogatory as overbroad as to scope and therefore not relevant to the Writ or any claims in the Complaint, nor proportional to the needs of the case. The Interrogatory requests information that is not limited to property in the District of Nevada and is therefore beyond the scope of the Writ.

Without waiving that objection, US Mine responds as follows: There are no agreements pursuant to which property of Defendant's located in the District of Nevada was ever held, nor will be held, by Garnishee.

**INTERROGATORY NO. 4:**

State whether anyone associated with US Mine has notified TPM of the litigation from which this garnishment action stemmed and, if so, identify the individual(s) making the notification and the individual(s) notified.

**RESPONSE TO INTERROGATORY NO. 4:**

No.

**INTERROGATORY NO. 5:**

Identify all individuals at TPM with whom or which US Mine has communicated between January 1, 2022 and the present including, but not limited to, each contact's name, job title, telephone number, cell phone number, fax number, mailing address, and e-mail address.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection. Responding Party objects to the Interrogatory as overbroad and burdensome as to time and scope and therefore not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case.

Without waiving that objection, US Mine responds as follows: US Mine's main point of contact for communication at TPM was:

**Steven R. Ingle**
President, Twin Pines Minerals, LLC
2100 Southbridge Parkway, Suite 540
Birmingham, AL 35209
205.403.5281
single@twinpinesminerals.com

-3-

**INTERROGATORY NO. 6:**

Identify all contacts you have, whether directly or through any agent or attorney, at TPM including, but not limited to, each contact's name, job title, telephone.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. Responding Party objects to the Interrogatory as the meaning of the term "contacts" is vague and ambiguous.

Responding Party objects to the Interrogatory as overbroad and burdensome as to time and scope and therefore not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case.

Without waiving those objections, US Mine responds as follows: *See* Response to Interrogatory No. 5.

**INTERROGATORY NO. 7:**

Please describe in detail all property, tangible or intangible, of or which could be or is claimed by TPM which you hold, control, or over which you otherwise have custody.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection. Responding Party objects to the Interrogatory as the meaning of the phrase "could be or is claimed by TPM" is vague and ambiguous.

Responding Party objects to the Interrogatory as it calls for speculation. Responding Party does not know, nor can it guess, what property "could be...claimed by TPM."

Responding Party objects to the Interrogatory as overbroad as in scope and therefore not relevant to the Writ or any claims in the Complaint, nor proportional to the needs of the case. The Interrogatory requests information that is not limited to property in the District of Nevada, and therefore beyond the scope of the Writ.

Without waiving those objections, US Mine responds as follows: Garnishee has no tangible or intangible property of TPM in the District of Nevada.

**INTERROGATORY NO. 8:**

Identify any invoice or demand for payment issued to you by TPM and/or any of its agents or subsidiaries between January 1, 2022 and the present.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-4-

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. Responding Party objects to the Interrogatory as overbroad as to time and scope and therefore not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case. The Interrogatory requests information that is not limited to property in the District of Nevada, nor limited in time to the time period of property that may be captured by the Writ, and therefore beyond the scope of the Writ.

Without waiving that objection, US Mine responds as follows: *See* Response to Interrogatory No. 11, below.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Objection. Responding Party objects to the Interrogatory as overbroad as to time and scope and therefore not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case. The Interrogatory requests information that is not limited to property in the District of Nevada, nor limited in time to the time period of property that may be captured by the Writ, and therefore beyond the scope of the Writ.

Without waiving that objection, US Mine responds as follows: US Mine does not hold in its possession, custody or control, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of or being transferred for the benefit of Defendant TPM located in the District of Nevada.

**INTERROGATORY NO. 9:**

Identify any communication between you and TPM and/or any of its subsidiaries or affiliates between January 1, 2024 and the present.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection. Responding Party objects to the Interrogatory as overbroad and burdensome in time and scope because the communications requested are not related to property that Garnishee may currently be holding of Defendant's in the District of Nevada. As such, the Interrogatory is not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case.

///

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-5-

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Objection. Responding Party objects to the Interrogatory as overbroad and burdensome in time and scope because the communications requested are not related to property that Garnishee may currently be holding of Defendant's in the District of Nevada. As such, the Interrogatory is not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case.

Without waiving that objection, US Mine responds as follows: US Mine does not hold in its possession, custody or control, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire, or any other tangible and/or intangible assets belonging to, due, claimed by, being held for or on behalf of or being transferred for the benefit of Defendant TPM located in the District of Nevada.

**INTERROGATORY NO. 10:**

Please describe in detail any outstanding obligations - due now or that will come due in in the future, including those obligations subject to any contingency, that US Mine has to TPM.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection. Responding Party objects to the Interrogatory as overbroad and burdensome as to scope and therefore not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case.

Without waiving that objection, US Mine responds as follows: None.

**INTERROGATORY NO. 11:**

Please describe in detail any obligations that US Mine had to TPM under the Asset Purchase Agreement between TPM and US Mine effective on or about December 31, 2023.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection. Responding Party objects to the Interrogatory as the meaning of the phrase "any obligations" is vague and ambiguous.

Responding Party objects to the Interrogatory as overbroad and burdensome as to scope and therefore not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case, because the Asset Purchase Agreement ("APA") does not involve any property located in the District of Nevada.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-6-

Without waiving those objections, US Mine responds as follows: On December 31, 2023, TPM and US Mine entered into the APA, by which TPM sold to US Mine three mining plants, along with other assets needed to operate the plants, in exchange for payment to be made in installments and assumption of certain of TPM's debts as follows:

(1) Some of the purchase price was paid by US Mine to TPM before execution of the APA;

(2) At execution, US Mine assumed certain debt of TPM's;

(3) Four additional payments were due between January and April 2024;

(4) A final installment was due on or before May 3, 2024; and

(5) If certain production goals were met, additional payment would become due.

US Mine fulfilled its obligations for Nos. 1-3. TPM breached the contract in numerous ways and as a result US Mine did not fully pay the final installment by May 3, 2024. The obligation to pay additional payments was never triggered.

On or about October 31, 2024, US Mine made its final payment to TPM pursuant to the APA, for $130,000. This payment was made by wire, and was never present in the District of Nevada.

US Mine has no obligation to make any future payments to TPM and is not indebted to TPM in any way. On the contrary, TPM is indebted to US Mine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Objection. Responding Party objects to the Interrogatory as the meaning of the phrase "any obligations" is vague and ambiguous.

Responding Party objects to the Interrogatory as overbroad and burdensome as to scope and therefore not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case, because the Asset Purchase Agreement ("APA") does not involve any property located in the District of Nevada.

Responding Party objects that a Nevada Court has jurisdiction over any dispute involving the APA because the APA expressly provides that "[a]ny suit involving any dispute or matter arising under this Agreement may only be brought in the California courts having jurisdiction over the subject matter of the dispute or matter." Since US Mine could not be sued by TPM in Nevada to enforce the APA, Plaintiff who steps into TPM's shoes cannot force an adjudication of rights

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-7-

involving the APA in a Nevada Court. *See Harris v. Balk,* 198 U.S. 215, 222 (1905) ("for the attachment of the debt, then if the garnishee be found in that State…we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff and condemn it, *provided the garnishee could himself be sued by his creditor in that State.*")(emphasis added).

Responding Party objects to the Interrogatory to the extent it seeks disclosure of confidential or proprietary information in the APA, which is a confidential document.

Without waiving those objections, US Mine responds as follows: TPM fraudulently induced US Mine to enter into the APA. On December 31, 2023, TPM and US Mine entered into the APA, pursuant to which TPM was to provide US Mine three mining plants, along with other assets and personnel needed to operate the plants. TPM represented that the three mining plants, operated by TPM's personnel, could and would produce certain amounts and qualities of heavy mineral products and byproducts from US Mine ore within a certain timeframe. US Mine agreed to enter into the APA based on these representations, which included that TPM's personnel would have one of the three plants operating and processing US Mine ore in January 2024, and the two other plants fully operational and processing US Mine ore by April 1, 2024, achieving certain product goals that same month. In exchange for the three plants that were to be fully operational by April 2024, US Mine agreed to make installment payments and assume certain of TPM's debts as follows:

(1) US Mine would pay some of the purchase price to TPM before execution of the APA;

(2) At execution, US Mine assumed certain debt of TPM;

(3) Four additional payments were due between January and April 2024;

(4) A final installment payment was due on or before May 3, 2024; and

(5) If certain production goals were met, additional payments would become due.

US Mine fulfilled its obligations described in Nos. 1-3. But TPM failed to configure the first plant by January 2024. TPM personnel spent months attempting to get the first plant to operate as intended, without success. The other two plants were not built by April 2024. Having failed to deliver three fully operational plants by April 2024, i.e. the core purpose of the APA, TPM materially breached the agreement. As a result of this material breach, US Mine's obligation to make the final

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-8-

installment payment (No. 4) never arose and/or was excused. TPM personnel tried for several more months to configure the plants to operate as promised. Over time it became clear that the three plants were not capable of performing the fundamental functions that TPM promised. Two of the plants were never capable of operating. The one plant that does operate does not perform in the manner, including providing the quality and quantity of heavy mineral products and byproducts, promised by TPM. TPM was given ample time to remedy their material breach but could not. As a result, TPM is not entitled to the final installment payment.

Moreover, the APA expressly gives US Mine the right to "offset any damages or losses suffered by Buyer [US Mine], as a result of [Seller's] breach or failure to perform, against any further monies owed by Buyer to Seller under this Agreement." US Mine not only overpaid for what it received, but further has suffered millions of dollars in damages because TPM failed to provide plants that operated as promised. US Mine's damages far outweigh and offset any amount that could possibly be due to TPM under the APA.

No money will ever become payable under No. 5 because the plants are not capable of performing and therefore cannot meet the production goals.

**INTERROGATORY NO. 12:**

Please describe in detail any payments that will come due, and the date such payments will become due, from US Mine to TPM under the Asset Purchase Agreement between TPM and US Mine effective on or about December 31, 2023.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection. Responding Party objects to the Interrogatory as overbroad and burdensome as to scope and therefore not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case. Garnishee does not hold any property of Defendant's located in the District of Nevada pursuant to the APA, nor will it ever.

Without waiving that objection, US Mine responds as follows: None. *See* Response to Interrogatory No. 11.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Objection. Responding Party objects to the Interrogatory as overbroad and burdensome as to

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-9-

scope and therefore not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case. Garnishee does not hold any property of Defendant's located in the District of Nevada pursuant to the APA, nor will it ever.

Responding Party objects that a Nevada Court has jurisdiction over any dispute involving the APA because the APA expressly provides that "[a]ny suit involving any dispute or matter arising under this Agreement may only be brought in the California courts having jurisdiction over the subject matter of the dispute or matter." Since US Mine could not be sued by TPM in Nevada to enforce the APA, Plaintiff who steps into TPM's shoes cannot force an adjudication of rights involving the APA in a Nevada Court. *See Harris v. Balk*, 198 U.S. 215, 222 (1905) ("for the attachment of the debt, then if the garnishee be found in that State…we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff and condemn it, *provided the garnishee could himself be sued by his creditor in that State*.")(emphasis added).

Responding Party objects to the Interrogatory to the extent it seeks disclosure of confidential or proprietary information in the APA, which is a confidential document.

Without waiving those objections, US Mine responds as follows: None.

**INTERROGATORY NO. 13:**

Identify the date and amount of US Mine's last payment to TPM under the Asset Purchase Agreement between TPM and US Mine effective on or about December 31, 2023.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection. Responding Party objects to the Interrogatory as overbroad and burdensome as to scope and therefore not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case. Garnishee does not hold any property of Defendant's located in the District of Nevada pursuant to the APA, nor will it ever.

Without waiving that objection, US Mine responds as follows: October 31, 2024 for $130,000.

**INTERROGATORY NO. 14:**

Identify the date and amount of US Mine's next payment to TPM under the Asset Purchase

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-10-

Agreement between TPM and US Mine effective on or about December 31, 2023.

**RESPONSE TO INTERROGATORY NO. 14:**

Objection. Responding Party objects to the Interrogatory as overbroad and burdensome as to scope and therefore not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case. Payments made pursuant to the APA were never present in the District of Nevada.

Without waiving that objection, US Mine responds as follows: None.

**INTERROGATORY NO. 15:**

Identify any property of TPM's that remains at US Mine's Ione, California facility.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection. Responding Party objects to the Interrogatory as overbroad and burdensome as to scope and therefore not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case. Property in California, if any, is not relevant to a Writ in the District of Nevada.

**INTERROGATORY NO. 16:**

Detail any interest or rights TPM has in US Mine's Ione, California facility or material produced from or at US Mine's Ione, California facility.

**RESPONSE TO INTERROGATORY NO. 16:**

Objection. Responding Party objects to the Interrogatory as overbroad and burdensome as to scope and therefore not relevant to the Writ or any claims in Plaintiff's Complaint, nor proportional to the needs of the case. Property in California, if any, is not relevant to a Writ in the District of Nevada.

DATED this 5th day of September, 2025.

GUNDERSON LAW FIRM

By: _____
Courtney G. Sweet, Esq.
Nevada State Bar No. 10775
and
Charity Gilbreth, Esq. (*pro hac vice*)
Linda Schilling, Esq. (*pro hac vice*)

*Attorneys for U S Mine Corp*

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-11-

Docusign Envelope ID: B7F13163-0CC5-42ED-BC6B-7973BFF92B24

## VERIFICATION

I, Bradford Barto, Chief Executive Officer of U S Mine Corp, declare under penalty of perjury under the laws of the United States of America that the **U S MINE CORP'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES TO GARNISHEE U S MINE CORP** are true and correct to the best of my knowledge and belief.

DATED this 5 day of September, 2025.

Signed by:

*Brady Barto*
C9D00F5A36A0472
Bradford Barto

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

-12-

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the law office of GUNDERSON LAW FIRM, and on the __5__ day of September, 2025 I deposited for mailing in Reno, Nevada a true and correct copy of the **U S MINE CORP'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES TO GARNISHEE U S MINE CORP** to the following:

Brooks Todd Westergard, Esq.
DICKINSON WRIGHT PLLC
100 W Liberty St., Ste. 940
Reno, NV 89501
bwestergard@dickinson-wright.com
*Attorneys for Lauritzen Bulkers A/S*

Gary C. Murphy, Esq.
SIMMS SHOWERS LLP
201 International Circle
Suite 230
Baltimore, MD 21030
410-783-5795
gcmurphy@simmsshowers.com
*Attorneys for Lauritzen Bulkers A/S*

J. Stephens Simms, Esq.
SIMMS SHOWERS LLP
201 International Circle
Baltimore, MD 21030
4107835795
jssimms@simmsshowers.com
*Attorneys for Lauritzen Bulkers A/S*

Cinnamon C. Konieczka